JOSEPHSON LAW OFFICES, LLC.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel) (907) 276-0155 (Fax)

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

ANNA NOWAK,

    Plaintiff,

v.

GENWORTH LIFE AND ANNUITY INSURANCE COMPANY and ALASKA USA FEDERAL CREDIT UNION,

    Defendants.

COPY
Original Received
FEB 10 2017
Clerk of the Trial Courts

Case No. 3AN-17-_____

## CIVIL COMPLAINT

For her complaint, the plaintiff, ANNA NOWAK, alleges and complains, by and through her attorney, Joe P. Josephson, Alaska Bar number 6102018, against the defendants, GENWORTH LIFE AND ANNUITY INSURANCE COMPANY (hereinafter called "Genworth") and ALASKA USA FEDERAL CREDIT UNION (hereinafter called "Alaska USA"), as follows:

## PART A. THE FACTS AND HISTORY

1. Plaintiff is the surviving widow of Bogdan Nowak, who met his death on June 12, 2016, of natural causes.

JOSEPHSON LAW OFFICES, LLC
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel) (907) 276-0155 (Fax)

2. At the time of his death, Bogdan was a resident and inhabitant of the Municipality of Anchorage, Alaska, and was a long-time employee of the said Municipality. Bogdan died intestate.

3. Plaintiff Anna Nowak was the sole beneficiary of the term life insurance policy referred to below in paragraphs 4 and 5.

4. Defendant Genworth is a foreign insurance corporation authorized to do business in Alaska. Genworth is the successor insurer under a term life insurance policy (policy number 5817607, owned by Bogdan, originally issued by First Colony Life Insurance Company ["First Colony"] on August 14, 2001).

5. Defendant ALASKA USA is a financial institution with its headquarters in Anchorage, Alaska. It is a nationally chartered credit union and the institution where both Bogdan and plaintiff were members and customers for many years, even up to the date of his death.

6. Bogdan bought the First Colony term life insurance policy in 2001, and he faithfully, and timely, made all premium payments required to be made for approximately 15 years. All payments were made by insurance premium drafts automatically paid from Bogdan's account at ALASKA USA.

7. First Colony, at a date unknown to plaintiff but before Bogdan died, assigned its rights and responsibilities as Bogdan's life insurance provider to defendant Genworth.

8. Without advance notification to Bogdan, defendant Alaska USA rejected the February, 2016, life insurance premium draft established for that quarter, so that the premium due to Genworth for that quarter was never paid.

9. Genworth, on information and belief, sought to inform Bogdan that the premium insurance draft had been rejected by defendant Alaska USA. To that end, Genworth used Post Office Box 670483, Chugiak, Alaska 99567-0483, as Bogdan's mailing address. However, Bogdan's use of that post office box number had expired long before, and so Bogdan never knew that the automatic February 2016 insurance draft authorized by him had been declined by Alaska USA. On information and belief, Genworth was informed by the United States Postal Service that its attempt to inform Bogdan that Alaska USA declined the authorized February 2016 insurance draft never was delivered to Bogdan. Nevertheless, Genworth never made any effort to use another address to inform Bogdan until on or about March 8, 2016. (The Post Office Box 670483 address was first applicable in 2001, when Bogdan first became insured, *i.e.*, 15 years before his death).

*Nowak v. Genworth & Alaska USA*, Complaint, page three

JOSEPHSON LAW OFFICES, LLC
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel)   (907) 276-0155 (Fax)

10. On or about March 8, 2016, Genworth mailed correspondence to Bogdan, addressed to him at a different location, to wit, a physical address, 19444 Beverly Avenue, Chugiak, Alaska 99567. The ostensible purposes of the March 8, 2016, correspondence were (1) to advise Bogdan that previous mail, addressed to Bogdan at Post Office Box 670483, Chugiak, Alaska 99567-0483, had been returned and that accordingly Genworth was mailing its March 8 communication to Bogdan at his street address on Beverly Avenue and (2) to inform Bogdan that the life insurance policy had lapsed and was about to be cancelled.

11. The United States Postal Service, at all times pertinent, has not provided home mail delivery to residents of Beverly Avenue, which is or is considered to be within the Denali National Park. Genworth was notified by the United States Postal Service that its mailing or mailings to Bogdan at the Beverly Avenue location was or were "undeliverable". Even so, on information and belief, Genworth persisted in using the Beverly Avenue location as a place to send Bogdan notices, including a Notice of Cancellation dated April 18, 2016. On information and belief, the United States Postal Service again informed Genworth that its April 18 Notice of Cancellation, like the prior notice from March 8 that the policy had lapsed, was "undeliverable".

*Nowak v. Genworth & Alaska USA*, Complaint, page four

JOSEPHSON LAW OFFICES, LLC
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel)   (907) 276-0155 (Fax)

12. Prior to the commencement of this action, Anna has tendered to Genworth the sum of $71.50 which was payable in February, 2016.

13. Notwithstanding its receipt of official notices from the federal government that its communications to Bogdan had never reached him, Genworth, when notified of Bogdan's death has declined and refused to pay the plaintiff all or any portion of the $250,000 insurance proceeds contracted for by her husband.

14. The only reason why the February payment, unlike all previous monthly premium payments for a period of approximately 15 years, was not honored was that Bogdan's bank account had been "hacked" when Bogdan's identity was stolen, and, because the account was compromised, it was closed by and at the recommendation of Alaska USA, and a new account was opened there. On information and belief, Bogdan reasonably believed and assumed that his authority for premium payments was simply being transferred to the new account. None of Alaska USA's agents or employees ever advised Bogdan or plaintiff to the contrary or alerted either of them that new authorization would be necessary so that premium payments to Genworth would be honored going forward just as they had been honored for approximately 15 years.

*Nowak v. Genworth & Alaska USA*, Complaint, page five

JOSEPHSON LAW OFFICES, LLC
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel)   (907) 276-0155 (Fax)

15. For approximately 15 years, Bogdan had faithfully paid monthly life insurance premiums, timely, to the benefit of defendant Genworth and its predecessor, First Colony Life Insurance Company ("Colony"), with reference to Policy Number 5,817,607. Policy Number 5,817,607 had been issued by Colony on August 14, 2001. When Alaska USA dishonored Bogdan's authorized August 14, 2002, payment draft in February, 2015, Bogdan's account had sufficient money therein to cover the premium installment, if Alaska USA had paid it.

### B. FIRST CLAIM FOR RELIEF (Defendant Credit Union's Breach of Fiduciary Duty).

16. Plaintiff re-alleges herein, in this First Claim for Relief, each and every allegation set forth above in paragraphs 1 through 15 as if the same were expressly reiterated herein.

17. Defendant Alaska USA owed a fiduciary duty to Bogdan and to plaintiff, at all times pertinent. Defendant Alaska USA breached its fiduciary duties when, after closing Bogdan's long-standing account because it had been "hacked", it created a new account without providing for the periodic payments previously agreed upon and authorized by Bogdan to continue, and, also, even without informing Bogdan that no provision was being made to continue them or advising

*Nowak v. Genworth & Alaska USA*, Complaint, page six

him that new authorization would be required.

18. As a direct, foreseeable, consequence of Alaska's USA breach described herein, Bogdan's life insurance coverage lapsed (according to defendant Genworth) to the damage of the plaintiff, Bogdan's beneficiary. The amount of plaintiff's damage, resulting from the Credit Union's breach of fiduciary duty as described in this Claim, is greater than $250,000, as will be proved at trial.

### C. SECOND CLAIM FOR RELIEF (Defendant Credit Union's Further Breach of Fiduciary Duty).

19. Plaintiff re-alleges herein, in this Second Claim for Relief, each and every allegation set forth above in paragraphs 1 through 18 as if the same were expressly reiterated herein.

20. Defendant Alaska USA also breached its fiduciary duty to Bogdan and to plaintiff by failing to timely inform them, or either of them, that it was dishonoring or had dishonored the February premium payment, so that Bogdan's status as an insured could have been sustained and retained by him without any question or problem.

21. As a direct and foreseeable consequence of Alaska USA's breach described herein, Bogdan's insurance coverage lapsed (according to defendant

*Nowak v. Genworth & Alaska UAA*, Complaint, page seven

JOSEPHSON LAW OFFICES, LLC
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel) (907) 276-0155 (Fax)

JOSEPHSON LAW OFFICES, LLC
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel)  (907) 276-0155 (Fax)

Genworth), to the plaintiff's damage. The amount of plaintiff's damage, resulting from the Credit Union's breach of fiduciary duty as described in this Claim for Relief is greater than $250,000, as will be proved at trial.

### D. THIRD CLAIM FOR RELIEF (Defendant Credit Union's Breach of Implied Covenant & Fair Dealing).

22. Plaintiff re-alleges herein, by reference, each and every allegation set forth above in paragraphs 1 through 21, as if they were expressly reiterated herein, in this, his Third Claim for Relief.

23. In Alaska, the implied covenant of good faith and fair dealing, which inures in every contract formed within Alaska, requires a party in a contractual relationship to refrain from arbitrary or unreasonable conduct which has the effect of preventing the other party to the contract from receiving the fruits of the bargain.

24. The relationship between a depositor and a bank (or credit union) is contractual in nature.

25. The Credit Union, and its agents and employees acting in the scope of their employment, breached the covenant of good faith and fair dealing when, in opening a new account for Bogdan, failed to protect his life insurance coverage by

*Nowak v. Genworth & Alaska USA*, Complaint, page eight

informing him that drafts authorized for payment of premiums from the closed account would be dishonored.

26. The Credit Union, and its agents and employees, also breached the implied covenant of good faith and fair dealing when it failed to initiate authorization, from the new account so that Bogdan's traditional and historic payment of life insurance premium payments could be carried forward so as to protect his coverage. Because of this breach, plaintiff has sustained damages in an amount (to be proved at trial) exceeding $250,000.

### E. Fourth Claim for Relief (Defendant Credit Union's Negligence).

27. For her Fourth Claim for Relief, plaintiff incorporates by reference, as if expressly reiterated herein, each and every allegation set forth above in paragraphs 1 through 26.

28. The depositor-customer of a credit union may sue the credit union for negligence, when the credit union fails to exercise reasonable care in the handling of the depositor-customer's account. The credit union was negligent, *vis-à-vis* its customers, Mr. and Mrs. Nowak, when, without reasonable care, it failed to honor the February 16, draft for payment of the insurance premium then due to

*Nowak v. Genworth & Alaska USA*, Complaint, page nine

Genworth; when it failed to give prompt and timely advisement to Bogdan that the premium had not been paid; and when, earlier, it failed to advise and inform and recommend to Bogdan that a new authorization applicable to the successor account would be necessary.

29. The plaintiff suffered foreseeable, natural and consequential damages when upon Bogdan's death, defendant Genworth informed her that Bogdan's insurance policy had lapsed for nonpayment of the premium, after more than 15 years of coverage. The total amount of her damages exceed $250,000 and will be proved at trial.

WHEREFORE, plaintiff prays for the entry of judgment against Alaska USA in the amount of $250,000, together with interest, costs, attorney fees, and such other, further or different relief which the Court or Jury may find just and proper.

### F. Fifth Claim for Relief (Genworth's Breach of the Implied Covenant of Good Faith and Fair Dealing).

30. Plaintiff re-alleges and incorporates by reference, as if fully reiterated in this, her Fifth Claim for Relief, each and every allegation set forth in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15.

*Nowak v. Genworth & Alaska USA*, Complaint, page ten

EXHIBIT B, Page 10 of 12

Case 3:17-cv-00086-HRH   Document 1-2   Filed 04/14/17   Page 10 of 12

31. Genworth was required at all times pertinent to act towards Bogdan and plaintiff, Bogdan's beneficiary, in good faith and to deal fairly with Bogdan and plaintiff.

32. Genworth breached that duty because it:

    a. never contacted Bogdan by telephone or e-mail to inform him that his premium payment had not been received or that his policy was about to lapse or had lapsed, or that the policy was to be cancelled, or that the policy had been cancelled.

    b. never checked with the Municipality of Anchorage or with the defendant credit union, either when informed that the insured's post office box number was no longer operative, or, later, when informed that the street address on Beverley Avenue was a place to which mail could not be delivered.

### G. Sixth Claim for Relief (vs. Defendant Genworth Because of Genworth's Negligence).

33. Plaintiff realleges, in this, her Sixth Claim for Relief, each and every allegation set forth in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 31, and 32 above, as if the said paragraphs were expressly reiterated here, in her Sixth Claim for Relief.

*NOWAK v. Alaska USA & Genworth*, Complaint, page eleven

34. Genworth was negligent because it never contacted Bogdan, the defendant Credit Union, or the Municipality of Anchorage for the purpose of letting Bogdan know that, despite over 15 years of faithful payments, his policy was about to lapse, or had lapsed, or was to be cancelled, or that it had been cancelled. Throughout this period, Bogdan was employed by the Municipality of Anchorage, and so he could have been contacted by Genworth if due and ordinary care had been exercised by Genworth.

WHEREFORE, as a direct, natural, and foreseeable consequence of Genworth's breach of the implied covenant of good faith and/or its negligence, plaintiff has been damaged in amount not less than $250,000.00, and so plaintiff prays for the entry of a judgment in that amount against defendant Genworth, together with interest, costs, and attorney fees, together with such other, further or different relief as the superior court may find just and proper.

DATED this 10th day of February, 2017, at Anchorage, Alaska.

*Joe P. Josephson*

Joe P. Josephson, Alaska Bar number 6102018
Josephson Law Offices, LLC
912 W. 6th Ave., Anchorage, Alaska 99501
Tel. (907) 276-0151; Fax (907) 276-0155
Attorney for Plaintiff

*Nowak v. Genworth & Alaska USA*, Complaint, page eleven